IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-cv-00036-RLV-DSC

| | |
|---|---|
| ROBERT S. KNOX, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| U.S. POSTAL SERVICE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). On March 1, 2013, Plaintiff Knox, proceeding pro se, commenced this action, seemingly alleging that he was unable to collect on certain prior judgments against the U.S. Postal Service and therefore is unable to pay for his wife's funeral, and that he is owed money pursuant to a life-insurance policy. (Doc. 1 at 3, 6.) Because Plaintiff seeks to proceed *in forma pauperis*, initial review of the matter is appropriate pursuant to 28 U.S.C. § 1915(e)(2).[1] For the reasons explained below, the Court here grants Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) for the limited purpose of reviewing the Complaint and dismisses Plaintiff's Complaint *sua sponte* for frivolousness and failure to state a claim.

The Court may dismiss the action if it concludes that "the allegation of poverty is untrue or the action . . . is frivolous or malicious . . . [or] fails to state a claim . . . ." 28 U.S.C. § 1915(e)(2). District courts have a duty to construe pleadings by pro se litigants liberally; however, a pro se plaintiff must nonetheless allege a non-frivolous cause of action. While such

---

[1] Plaintiff's action is subject to summary dismissal before service of process or amendment of the complaint following screening under section 1915(e)(2). *See, e.g., In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

1

litigants with meritorious claims should not be tripped up in court on technical niceties, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *Gordon* "does not require [the] courts to conjure up questions never squarely presented to them . . . [, and e]ven in the case of pro se litigants, [district courts] cannot be expected to construct full blown claims from sentence fragments, which is essentially what [Plaintiff] is seeking here," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Whether a complaint "state[s] a claim on which relief can be granted" under 28 U.S.C. § 1915(e)(2)(B)(ii) is determined by "the familiar standard for a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)); *Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1483 (4th Cir. 1996) ("The incorporation of identical or similar language from an act with a related purpose evidences some intention to use it in a similar vein." (internal quotations and citations omitted)). The legal sufficiency of the complaint is measured by whether it meets the standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

Furthermore, although district courts must liberally construe pro se complaints, courts cannot act as the pro se plaintiff's advocate or develop claims that such plaintiff failed clearly to raise on the face of the complaint. *Gordon*, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). "Like plaintiffs who are represented by counsel, a pro se plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, No. 3:10-413, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (Cogburn, J.) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will simply not suffice." *Id.*

Plaintiff here fails adequately to describe any cause of action against the U.S. Postal Service over which this Court has subject-matter jurisdiction. To the extent Plaintiff seeks to register unpaid, state-court judgments for enforcement by this Court (*see* Doc. 1-1 at 1) (identifying state courts in which cases against the U.S. Postal Service were filed), such judgments cannot be registered here. *Atkinson v. Kestell*, 954 F. Supp. 14, 15 n.2 (D.D.C. 1997), *aff'd sub nom. Atkinson v. Inter-Am. Dev. Bank*, 156 F.3d 1335 (D.C. Cir. 1998) (citing 28

U.S.C. § 1963, which enumerates the judgments that may be registered in a United States district court).

> Registration of judgments is permitted by statute. 28 U.S.C. § 1963. Unfortunately for the petitioner[, who attempted to register a Virginia state court judgment in a federal district court in Virginia], the only judgments that can be registered under that statute are judgments from other courts of the United States. . . .
> It is clearly established that this court is to give the judgments and orders of a state court full faith and credit. However, giving a state's judgment full faith and credit, that is, preclusive effect in any proceeding before the court, is a far cry from making a judgment of a state court a federal judgment, which is what registration is all about. . . .
> It is the view of this court that though a procedure like the one proposed by petitioner in this case ought to exist, it does not now exist. Congress has not seen fit to grant the courts of the United States authority to do what petitioner asks, and neither statutory nor constitutional full faith and credit affords a substitute for such authority.

*W.S. Frey Co. v. Precipitation Assocs. of Am., Inc.*, 899 F. Supp. 1527, 1528–29 (W.D. Va. 1995) (citations omitted). Therefore, because the Court lacks subject-matter jurisdiction to enforce a judgment entered by the state courts identified within the Complaint, the Court deems the Complaint frivolous per 28 U.S.C. § 1915(e)(2)(B)(i) and deficient per 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) be **GRANTED** for the limited purpose of entering this Order. The Complaint is hereby **DISMISSED** with prejudice.

Signed: August 26, 2013

Richard L. Voorhees
United States District Judge